JS-6

NOTE: CHANGES MADE BY THE COURT

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER BERRY, an individual; LOY PARRACK, an individual; and CHRISTOPHER DEVRIES, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>DCOR, LLC, a Texas limited liability company; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.   2:15-cv-02792-RGK-AJW<br><br>*Assigned to:* Hon. R. Gary Klausner<br><br><u>CLASS ACTION</u><br><br>**[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE**<br><br>**<u>Final Approval Hearing Held</u>:**<br><br>Date:  **January 11, 2016**<br>Time:  **9:00 a.m.**<br>Ctrm:  **850**<br><br>*Complaint Filed*:   February 18, 2015<br><br>(Removed from Ventura County Superior Court Case No. 56-2015-00464160-CU-OE-VTA) |

On January 11, 2016, Plaintiff's Motion for Final Approval of Class Action Settlement, Attorneys' Fees and Service Award (the "Final Approval Motion") came before the Court for hearing pursuant to the Order of this Court, ECF No. 42, dated October 6, 2015, on the application of Plaintiffs ROGER BERRY, LOY PARRACK and  CHRISTOPHER DEVRIES for approval of the comprehensive settlement terms set forth in the Joint Stipulation re: Class Action Settlement and Release (hereinafter the "Settlement" or the "Stipulation," Docket No. 35).

1

Pursuant to Federal Rule of Civil Procedure 58, the Court now HEREBY ORDERS ENTRY OF JUDGMENT as follows:

1. This Judgment incorporates by reference the definitions in the Stipulation, and all capitalized terms used, but not defined herein, shall have the same meanings as in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Class Members.

3. All Parties are bound by this Final Judgment and Order of Dismissal with Prejudice and by the Stipulation **as further modified by the October 6, 2015 Order Granting Joint Motion for Preliminary Approval of Class Action Settlement (DE 42)**. The parties shall comply with the terms and conditions of the Stipulation and of the Final Approval Order.  Defendant DCOR shall pay the **$6,000,000** settlement funds through the procedure described in the Stipulation.

4. The Court previously certified the Action as a class action under Federal Rule of Civil Procedure 23, for settlement purposes. The Class is defined as set forth in the Stipulation.

5. The Court approves the following payments, after which the remaining settlement funds **subtracted from the total $6,000,000 settlement payment,** shall be distributed to the Participating Class Members pursuant to the terms of the Stipulation and Final Approval Order:

- California Labor and Workforce Development Agency: $10,000.00;
- Plaintiff LOY PARRACK (as a Service Award): $12,500.00;
- Plaintiff ROGER BERRY (as a Service Award): $12,500.00;
- Plaintiff CHRISTOPHER DEVRIES (as a Service Award): $1,000.00;
- Class Counsel (as attorney's fees): $1,500,000.00;
- Class Counsel (as litigation costs and expenses): $7,656.63; and
- CPT Group, Inc. (for claims administration fees): $12,396.00.

6. Except as to any individual claim of those persons who have validly and timely requested exclusion from the Class, the Action is dismissed with prejudice.

7. Upon the Effective Date (as defined in § 1.17 of the Stipulation), all Released Claims of each and every member of the Class are and shall be deemed to be conclusively released as against Defendant (as set forth in § 1.33 of the Stipulation). All persons and entities who are in the Class are hereby forever barred and enjoined from commencing, prosecuting or continuing, either directly or indirectly, against Defendant, in this or any other jurisdiction or forum, any and all Released Claims (as defined in the Stipulation).

8. Without affecting the finality of this Final Judgment and Order of Dismissal with Prejudice in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of the Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorney fees and expenses in the Action; and (d) all parties hereto for the purpose of construing, enforcing, and administrating the Stipulation and the Settlement therein.

9. The Court finds that during the course of the Action, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

10. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendant, then this Final Judgment and Order of Dismissal with Prejudice shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

11. Pursuant to the terms of the Stipulation, entry of this Judgment shall become effective only *after* the Settlement has been fully funded (Stipulation of Settlement, at § 3.22).

**IT IS SO ORDERED.**

DATED: January 19, 2016

*[signature: Gary Klausner]*

Hon. R. Gary Klausner
United States District Court Judge